## In re PANAMER REALTY CORPORATION.

District Court, S. D. New York.

Dec. 22, 1931.

Monfried & Warner, of New York City, for respondent David G. Ludins and Tima Ludins, in support of petition to review.

Percy Mulock, of New York City, for trustee, in opposition thereto.

## WOOLSEY, District Judge.

The petition to review is granted as to Tima Ludins and the turnover order in respect to her is reversed and vacated.

The petition to review on behalf of David G. Ludins is dismissed and the referee's order as against him is in all respects affirmed.

As to Ryah Ludins, inasmuch as she defaulted before the referee and as there has not been any petition to review in respect to the order against her, necessarily it must stand as entered by the referee.

I. As a preface to my observations on this case, I should say that a turnover proceeding is a separate proceeding which must be dealt with as complete in itself, and, therefore, evidence which is not taken or admitted in that proceeding cannot be considered either by the referee or by the court on a petition to review.

The result is that the 21A evidence, from which a quotation is annexed to the brief of the trustee, is not part of the record in this proceeding and, as reference cannot be properly made thereto, it has not been read by me.

II. It is also appropriate to remark that whilst I do not think that this matter has been as carefully tried as it should have been tried, and that the opinion of the referee is somewhat vague, the rationale of the case for the respondents is so redolent of improbability that I necessarily approach the petition to review herein with a feeling of inhospitality. However, as the sanction of a turnover order is punishment for contempt, usually by imprisonment, it is a remedy that has to be applied with care, and when there is a petition to review such an order the situation has to be subjected to the most thorough scrutiny. This it has had.

III. It was undoubtedly within the competency of the referee to decide:

(a) Whether personal service of the turnover petition had been made on the respondents, for on that service his right to hold even an initial inquiry as to whether there were any adverse claims would depend, and

(b) Whether the claim of the respondent in possession of the res sought was adverse or merely colorable.

IV. The only respondent appearing generally in the proceeding was David G. Ludins, the president—sole officer—and the sole stockholder of the bankrupt. He pleaded and subsequently testified that he had divested himself of the moneys here involved by turning them over to his daughter Ryah Ludins, with instructions to apply the residue, after certain payments to other creditors, to a debt which he claimed the corporation owed to her. The referee exercised his indubitable right of disbelieving the evidence of this witness, who told a story on the stand which sounded on its face in fraud of creditors and which, if not believed, would not establish any adverse claim in Ryah Ludins, to whom the funds in question have been traced. The turnover order against the witness, therefore, is appropriate on the ground that he has the control though not the possession of the fund in question.

V. As to Ryah Ludins, there was some question as to whether she had been served with the petition on the turnover proceeding. On the conflicting evidence, the referee found, as he had a right to do, that she had been served. She did not appear or file any answer in the proceeding; she did not attend any of the hearings; and, consequently, the turnover order went against her unchallenged before the referee and she has not taken any petition to review it.

Therefore, I have not any jurisdiction whatever with respect thereto, and it is ob-

658

vious that as to her the order has to stand as it has been entered by the referee.

■ VI. So far as Tima Ludins, the other daughter, is concerned, she filed a special appearance, and an answer which objected to the summary jurisdiction, sought herein, as against her. She did not testify in any hearing on the turnover proceeding. It seems to me, however, that from her father's testimony there is not sufficient proof that she has any such control over the moneys sought herein, as would enable her to respond to the turnover order, and it is common ground between the parties that the moneys are not in her possession.

The petition to review should be granted in respect of the order against Tima Ludins therefore, and the order, in so far as it was aimed against her, must be reversed. Cf. In re Redbord, 3 F.(2d) 793, 794 (C. C. A. 2).

Settle order on two days' notice.